IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**XAVIER U. RIGSBY,**
**D.O.C. # E38916**

    **Plaintiff,**

vs.                                      Case No. 4:20cv504-MW-MAF

**SERGEANT TEDDER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on October 22, 2020, and filed a civil rights complaint filed under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted, ECF No. 4, and Plaintiff was assessed an initial partial filing fee of $10.80 which was to be paid on or before **November 24, 2020**. As of this date, payment has not been received.

Furthermore, the Order also directed that if Plaintiff lacked insufficient funds "with which to pay the assessed initial partial filing fee, Plaintiff must

submit a *current* Trust Fund Account Statement demonstrating how funds have been depleted and a motion requesting permission to proceed without payment of the assessed fee." ECF No. 4. No such motion has been filed, nor has Plaintiff requested additional time in which to comply with that Order.   It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and was warned that if he failed to do so, a recommendation would be made to dismiss this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2020.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**